**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**AKRON DIVISION**

| | |
|---|---|
| DAVID DROGE,<br><br>  Plaintiff,<br>vs.<br><br>GMAC MORTGAGE GROUP LLC;<br>BANK OF AMERICA, N.A.; TRANS UNION<br>LLC; EXPERIAN INFORMATION<br>SOLUTIONS INC.; INNOVIS DATA<br>SOLUTIONS, INC. and EQUIFAX INC.<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR**<br>**JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. THE FAIR CREDIT REPORTING ACT<br>[15 USC § 1681 et. seq.]; |

**INTRODUCTION**

1. David Droge ("Plaintiff") brings this action to secure redress from GMAC Mortgage Group, LLC ("GMAC"), Bank of American, N.A.("BOA"), Trans Union, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), Equifax, Inc. ("Equifax"), and Innovis Data Solutions Inc. ("Innovis") (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), and their agents for their illegal and improper reporting on Plaintiff's credit report.

1

## PARTIES

2. Plaintiff is a *consumer* as defined by 15 USC 1681a(c) and a natural person residing in the city of Akron, County of Summit, State of Ohio.

3. Defendant GMAC is a financial services company engaged in the business of servicing home mortgages, refinances, and home equity lines with its principal place of business located in Montgomery County, Pennsylvania, and regularly transacts business throughout the United States and Ohio. Defendant GMAC engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

4. Defendant, BOA is a financial services company engaged in the business of servicing home mortgages, refinances, and home equity lines with its principal place of business located in Mecklenburg County, North Carolina, and regularly transacts business throughout the United States and Ohio. Defendant BOA engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

5. Defendant, TransUnion is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties.

6. Defendant, Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties.

7. Defendant, Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties.

8. Defendant, Innovis is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties.

9. On information and belief, Defendants TransUnion, Experian, Equifax, and Innovis disburse the *consumer reports* to third parties under contract for monetary compensation.

10. At all relevant times, Defendants acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that any action to enforce liability created by the FCRA may be brought in "any appropriate United States district court, without regard to the amount in controversy."

12. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District, Defendants transact business in this District and a substantial part of the events or omissions giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

13. On or around December of 2004, Plaintiff secured a home mortgage from Defendant BOA.

3

14. On or around January of 2005, Plaintiff secured a second home mortgage with Defendant GMAC.

15. Plaintiff subsequently made timely payments on both mortgages from the date each debt was incurred till December of 2009, when the property was eventually sold.

16. With the consent of Defendants BOA and GMAC, Plaintiff entered into an agreement to short sell his home for an amount less than the balance owed. During this time, Plaintiff continued to make timely payments.

17. On or around December 23, 2009 Plaintiff closed on the sale of his home. Included with the closing packet was a HUD Settlement Statement indicating the settlement occurred on December 23, 2009 and a disbursement date of March 10, 2010. **(Exhibit 1 – HUD Settlement Statement)** On information and belief, BOA and GMAC were provided a copy of the closing documents at or before the date of closing.

18. Thereafter and unbeknownst to Plaintiff, Defendants BOA and GMAC began to report late payments for the months of January, February and March of 2010, after Plaintiff sold his home and was no longer liable to make payments to either Defendants BOA or GMAC.

19. Plaintiff subsequently became aware of the inaccurate reporting by Defendants BOA and GMAC. Plaintiff proceeded to call Defendants BOA and GMAC to address the inaccurately reporting, where he was told that their systems do not reflect a history of late payments, yet they continued to report the late payments to the credit reporting agencies.

20. In or around February 2013 and April 2013, Plaintiff sent dispute letters to Defendant credit reporting agencies, TransUnion, Experian, and concerning the late payments reported by BOA and GMAC for the months after the property was sold. Defendant credit reporting agencies continued to report the late payments.

4

21. In or around June of 2014, Plaintiff was attempting to secure a loan to purchase a home but was told by the lender that he was unable to obtain financing specifically due to the late payments reported by Defendants.

22. Plaintiff relentlessly called Defendants in an attempt to resolve the inaccurately reporting, with each call producing no results.

23. In or around February 2015, Plaintiff newly learned of Defendant Innovis's inaccurate reporting of the BOA and GMAC accounts. Thereafter, Plaintiff sent a dispute letter to Defendant Innovis concerning the BOA and GMAC accounts. BOA and GMAC continued to report the late payments.

24. In or around February 2015, Plaintiff sent an additional dispute letter to Defendants Equifax and Transunion concerning the BOA and GMAC accounts. BOA and GMAC continued to report the late payments.

25. In or around February 2015, Plaintiff sent an additional dispute letter to Defendant Experian concerning the BOA and GMAC accounts. Sometime thereafter the derogatory late payments were removed off of the BOA account, however GMAC continued to report the late payments.

26. On or about May 20, 2015 Plaintiff sent the latest round of dispute letters and included the above mentioned HUD settlement statement to Defendants Transunion, Experian, and Equifax. Plaintiff asked that they reinvestigate his claim and to correct the inaccurate reporting. Aside from Experian correcting the BOA account in or around Feburary 2015, Defendants continue to report the GMAC and BOA late payments.

27. As a result of Defendants' conduct, Plaintiff suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of

funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs.

28. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's detriment and loss.

29. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's detriment and loss.

30. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit report, preventing him from being able to obtain credit.

**FIRST CAUSE OF ACTION**
**Defendants BOA and GMAC**
**Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The FCRA requires a furnisher such as Defendants BOA and GMAC, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or

6

inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

33. From the December 23, 2009 to the present, Defendants BOA and GMAC have provided inaccurate information to the credit reporting agencies.

34. During that time, Plaintiff notified Defendants Experian, TransUnion, and Equifax that their reports concerning Defendants BOA and GMAC were inaccurate. Thereafter, the credit reporting agencies notified Defendants BOA and GMAC that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

35. Defendants BOA and GMAC violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

(a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) Willfully and negligently failing to review all relevant information concerning Plaintiff's mortgage;

(c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

 (f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to the credit reporting agencies; and

 (g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

36. Defendants BOA and GMAC's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

### THIRD CAUSE OF ACTION
### Defendants TransUnion, Experian, Equifax, and Innovis
### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The FCRA provides that if the completeness of accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

39. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all

8

relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

40. From the date of foreclosure till on or around June of 2015, Plaintiff notified the defendant credit reporting agencies of an inaccuracy contained in the reports and asked that it be corrected.

41. The defendant credit reporting agencies failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed.

42. The defendant credit reporting agencies failed to review and consider all relevant information submitted by Plaintiff.

43. The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

44. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

45. The defendant credit reporting agencies' violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

E. Any pre-judgment and post judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.


Dated: August 10, 2015                                        **COZMYK LAW OFFICES, LLC**

                                                /s/ Peter Cozmyk
Peter Cozmyk (0078862)
6100 Oak Tree Blvd.
Suite 200, Room #209
Independence, OH 44131
P: 877-570-4440
F: 216-672-5261
E-mail: pcozmyk@hotmail.com
*Counsel for Plaintiff*
*David Droge*